Darian Stanford, OSB No. 994491
  Direct Dial:  503.802.2028
  Fax:  503.274.8779
  Email:  darian.stanford@tonkon.com
TONKON TORP LLP
888 SW Fifth Avenue
Suite 1600
Portland, OR 97204-2099

Joseph A. Hamell, (*pro hac vice* pending)
  Direct Dial: 206.682.7090
  Fax: 206.625.9534
  Email:  jhamell@mpba.com
MONTGOMERY PURDUE BLANKINSHIP & AUSTIN PLLC
5500 Columbia Center
701 Fifth Avenue
Seattle, WA  98104-70961

     Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### (Portland Division)

| | |
|---|---|
| **PACIFIC NORTHWEST IRONWORKERS AND EMPLOYERS APPRENTICESHIP AND TRAINING TRUST;** | Civil No. 3:20-cv-309 |
| Plaintiff, | **COMPLAINT TO VACATE ARBITRATION AWARD RE ERISA WITHDRAWAL LIABILITY** |
| v. | |
| **BOARD OF TRUSTEES OF THE WESTERN STATES OFFICE AND PROFESSIONAL EMPLOYEES PENSION FUND;** | |
| Defendant. | |

PAGE 1 -   COMPLAINT TO VACATE ARBITRATION AWARD RE ERISA
          WITHDRAWAL LIABILITY

Plaintiff Pacific Northwest Ironworkers and Employers Apprenticeship and Training Trust ("Ironworkers") brings this action against the Board of Trustees of the Western States Office and Professional Employees Pension Fund ("Fund") as follows:

## PARTIES

1.

Plaintiff Pacific Northwest Ironworkers and Employers Apprenticeship and Training Trust is a Washington State trust.

2.

Defendant Board of Trustees of the Western States Office and Professional Employees Pension Fund is a pension fund with its principal place of business in Portland, Oregon.

## BACKGROUND

3.

This lawsuit arises out of the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA").

4.

The Fund erroneously calculated the Ironworkers' ERISA withdrawal liability by including the supplemental contribution rates required under the Fund's rehabilitation plan. The dispute was arbitrated pursuant to 29 U.S.C. § 1401. The arbitrator's decision relied on erroneous legal conclusions.

## JURISDICTION AND VENUE

5.

This dispute arises out of 29 U.S.C. § 1401. 29 U.S.C. § 1401(b)(2) states: "Upon completion of the arbitration proceedings in favor of one of the parties, any party thereto may

bring an action, no later than 30 days after the issuance of an arbitrator's award, in an appropriate United States district court in accordance with section 1451 of this title to enforce, vacate, or modify the arbitrator's award." Further, 29 U.S.C. § 1451(c) states: "The district courts of the United States shall have exclusive jurisdiction of an action under this section without regard to the amount in controversy." This court therefore has subject matter jurisdiction.

6.

The Fund is administered and has its principal office in Portland, Oregon. This court therefore has personal jurisdiction over the Fund.

7.

29 U.S.C. § 1451(d) states: "An action under this section may be brought in the district where the plan is administered or where a defendant resides or does business, and process may be served in any district where a defendant resides, does business, or may be found." The Fund is administered and does business in Oregon. Venue is therefore proper in this Court.

**FACTS**

8.

The Ironworkers employ three employees who are members of the Office & Professional Employees International Union ("OPEIU"), Local 11 ("Local 11"), and two employees who are members of the OPEIU, Local 8 ("Local 8"). The Ironworkers participated in the Fund.

9.

Under ERISA, if a fund falls below a certain funding threshold, it enters "critical status." Here, the Fund entered critical status on March 31, 2009, and has remained in critical status ever since.

PAGE 3 -   COMPLAINT TO VACATE ARBITRATION AWARD RE ERISA
            WITHDRAWAL LIABILITY

10.

ERISA requires that funds in critical status adopt and implement a "Rehabilitation Plan" designed to enable funds to emerge from critical status through a combination of increased contribution rates and benefit cuts. These increases in contributions rates are over and above the pension contribution rates negotiated by the employers and their employees in their collective bargaining agreements (CBAs).

11.

On October 16, 2009, the Fund adopted a Rehabilitation Plan. As required by ERISA, beginning with their 2010 CBA, the Ironworkers paid the increased supplemental contribution rate required by the Rehabilitation Plan.

12.

On September 1, 2016, the Ironworkers withdrew from the Fund.

13.

By letter dated October 20, 2017, the Fund provided the Ironworkers with a Notice of Withdrawal Liability, which set forth their withdrawal liability payment amount. That withdrawal liability payment calculation used the Ironworkers' $3.93 per hour negotiated contribution rate to the Fund, plus the $3.1047 supplemental rate required under the Rehabilitation Plan.

14.

By letter dated January 11, 2018, the Ironworkers timely disputed the Fund's inclusion of the supplemental rate based on *Bd. of Trustees of IBT Local 863 Pension Fund v. C & S Wholesale Grocers, Inc.*, 802 F.3d 534, 541 (3d Cir. 2015). The Fund refused to revise its calculations. The dispute proceeded to arbitration.

15.

The arbitrator's final award was issued on January 27, 2020 and is attached as Exhibit A.

16.

Attached as Exhibit B is an arbitration award on this exact same legal issue, involving a different employer, the IBEW Local 483, but the same Fund.  The IBEW award correctly concludes that the Fund erred by including supplemental contribution rates in the IBEW's withdrawal liability.  The Fund appealed the IBEW award, and that case is currently pending in this court, case no. 3:20-cv-00156-IM.

17.

This appeal follows.

## **CLAIM FOR RELIEF**

18.

The arbitrator erred in concluding that, as a matter of law, the supplemental contribution rates required by the Fund's Rehabilitation Plan were part of the Ironworkers "obligation to contribute," as defined by 29 U.S.C. § 1392(a) and as used in 29 U.S.C. § 1399.

19.

Based on the arbitrator's faulty analysis of 29 U.S.C. § 1392(a), the arbitrator erred in concluding that, as a matter of law, the supplemental contribution rates required by the Fund's Rehabilitation Plan were part of withdrawal liability annual payment formula set forth in 29 U.S.C. § 1399(c)(1)(C)(i).

20.

The Ironworkers are entitled to judgment vacating the arbitrator's final award.

PAGE 5 -   COMPLAINT TO VACATE ARBITRATION AWARD RE ERISA
                      WITHDRAWAL LIABILITY

**PRAYER**

WHEREFORE, the Ironworkers pray for the following relief:

1. An order vacating the arbitrator's award;

2. An order instructing the Fund to recalculate the Ironworkers withdrawal liability without including supplemental contribution rates required by the Fund's Rehabilitation Plan;

3. An order awarding the Ironworkers their attorney fees and costs incurred in this action as may be allowed by law or contract; and

4. Any and all other relief that the Court deems just and proper.

DATED February 25, 2020.

                        TONKON TORP LLP

                        By:     */s/ Darian Stanford*
                            Darian Stanford, OSB No. 994491
                            Direct Dial:  503.802.2028
                            Fax:  503.274.8779
                            Email:  darian.stanford@tonkon.com

                        MONTGOMERY PURDUE BLANKINSHIP & AUSTIN PLLC

                        By:     */s/ Joseph A. Hamell*
                            Joseph A. Hamell, (*pro hac vice* pending)
                            Direct Dial: 206.682.7090
                            Fax: 206.625.9534
                            Email:  jhamell@mpba.com

                        Attorneys for Plaintiff